IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID AYCOCK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-654 |
| § | |
| NOBLE CORPORATION, et al., § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**

This Jones Act case arises out of injuries allegedly sustained by David Aycock ("Plaintiff") while onboard an offshore supply vessel operated by a Hornbeck entity. Now before the Court come Defendants Hornbeck Offshore Services, Inc., Hornbeck Offshore Operators, LLC, and Hornbeck Offshore Operators' (collectively "Hornbeck") Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendants' Motion is **DENIED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about December 12, 2003, when he was exposed to toxic diesel for an extended period of time.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

### III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Hornbeck argues that the availability and convenience of key witnesses would be increased by transfer to the Eastern District of Louisiana. To support this argument, Hornbeck has identified several key witnesses located in Louisiana. Many of the identified witnesses are physicians. The Court assumes that they treated Plaintiff immediately after his injury. However, Hornbeck has not provided summaries of their likely testimony, so it is impossible for the Court to determine their importance or lack thereof. The remaining witnesses are employees of Hornbeck, so they can be compelled to testify. The Court attaches diminished weight to the convenience of these witnesses. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Finally, Hornbeck identifies itself as a witness. Hornbeck does significant work in this Division, and to suggest that it would be highly inconvenient for its representatives to appear here is somewhat disingenuous.

Plaintiff responds that his current treating physicians as well as his economist reside in the Southern District of Texas. These witnesses will likely provide the most crucial testimony at trial. Accordingly, this factor weighs slightly against transfer.

B.  Cost of Trial

Hornbeck argues that trial will be more expensive here than in the Eastern District of Louisiana since most witnesses live in Louisiana. However, Hornbeck fails to note that several of Plaintiff's key witnesses actually reside in this District. There is unavoidable cost associated with any litigation. Hornbeck has not shown an overwhelming cost differential between a trial here and one in New Orleans that would militate transfer. This factor does not weight for or against transfer.

C.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference since Plaintiff, a Florida resident, does not reside in this District. Other than the location of Plaintiff's treating physician and expert economist, individuals that Plaintiff came into contact with or indeed retained, after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to less deference. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). However, it is still entitled to some deference, and will not be disturbed absent a relatively strong showing that justice demands trial in another forum.

E. *Place of the Alleged Wrong*

The alleged wrong took place on the open seas well off the coast of Louisiana. Though the residents of this Division have little, if any, interest in the outcome of this case, it is not so inextricably intertwined with the citizenry of Louisiana as to require transfer. This factor does not weigh for or against transfer.

F. *Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such

circumstances are established by clear and convincing evidence."). This case is set for trial in August of this year. Transfer at this date would not necessarily result in significant delay. This factor does not weigh for or against transfer.

## IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit and the well-prepared submissions of both sides, the Court concludes that Hornbeck has not carried its burden of demonstrating that transferring this case to the Eastern District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendants' Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 27th day of March, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge