IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID AYCOCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-654 |
| | § | |
| NOBLE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## ADMINISTRATIVE CLOSING ORDER

    This Jones Act case, arising out of injuries allegedly sustained by David Aycock ("Plaintiff"), came before the Court for a bench trial starting on August 28, 2006. At the close of business on the first day of trial, the Parties attempted to negotiate a settlement agreement. During settlement negotiations, counsel and a claims adjustor for Defendants orally expressed to the Court and counsel for Plaintiff an offer of settlement. In exchange for a full release, Defendants offered to pay Plaintiff $150,000.00. On the morning of August 29, 2006, Plaintiff's counsel orally accepted the offer in the Court's presence. After Plaintiff's acceptance, defense counsel belatedly expressed to the Court that his client was no longer willing to pay the amount offered.[1]

    It is well settled that "an oral agreement to settle a personal injury cause of action within the admiralty and maritime jurisdiction of the federal courts is enforceable and cannot be repudiated." *Strange v. Gulf & So. American Steamship Co.*, 495 F.2d 1235, 1236 (5th Cir. 1974). *See Noble*

---

[1] The Court does not consider this Order worthy of publication. Therefore, it has not requested and does not authorize publication.

*Drilling, Inc. v. Davis*, 64 F.3d 191, 195 (5th Cir. 1995); *Borne v. A.P. Boat Rentals No. 4, Inc.*, 780 F.2d 1254 (5th Cir. 1986); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984); *Mobley v. Montco, Inc.*, 2004 WL 307478 (E.D. La. Feb. 17, 2004). An oral agreement in this case existed as soon as Plaintiff accepted Defendant's offer of settlement. That offer could not be withdrawn once accepted. Accordingly, there is a binding settlement agreement in this case. *See id.*[2]

The Court **ORDERS** Defendants to pay the agreed settlement of $150,000.00 to Plaintiff within 30 days. As permitted by the Supreme Court and the Fifth Circuit, the Court **expressly retains jurisdiction over the settlement of this case and any disputes arising pursuant thereto**. *See Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002). Any failure to fund this settlement within 30 days will be in direct violation of a valid Order of this Court and will be met with appropriate sanctions, up to and including contempt citations. In sixteen (16) years on this bench, the Court has not before seen such dismissive and arrogant behavior. Such behavior will not be tolerated, now or ever.

It is therefore, **ORDERED, ADJUDGED** and **DECREED** that this cause is hereby **ADMINISTRATIVELY CLOSED** for a period of 30 days, solely for purposes of consummation of settlement.

---

[2]In some cases, an evidentiary hearing is required to determine whether there was in fact a binding settlement agreement. *See Noble Drilling, Inc.*, 64 F.3d 191, 195 (5th Cir. 1995). In this case, none is required since the offer in question was made and accepted in the presence of the Court.

**IT IS SO ORDERED.**

**DONE** this 30th day of August, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge